# Hadley *against* Snevily.

In an action on a contract for the sale of a chattel, proof by the defendant, that it was received by the vendee on Sunday, from a third person, does not raise such a presumption that the contract was made on Sunday, as will defeat the plaintiff's action.

ERROR to the Common Pleas of *Dauphin* county.

John Hadley against John Snevily.

This was an action of *assumpsit* brought to recover the price of a horse.—The evidence was, that Hadley left the horse at the Golden Lamb tavern in Harrisburg, and that he was for sale; that the defendant came there on *Sunday*, said that he had bought the horse, and was to pay $130, or $135 for him, and then took the horse away; and that Hadley said afterwards that he had sold the horse to Snevily.

[Hadley v. Snevily.]

The defence set up was, that the contract for the sale and delivery of the horse was made on Sunday.

The court thus charged the jury:

This court instruct the jury if they believe that the contract was made on Sunday, it is void, and the plaintiff cannot recover. In contracts for the sale of personal property or chattels, the bargain is not complete till the article is delivered, or something paid on the contract, or earnest given, or a day certain fixed for the payment of the price of the thing sold.

The counsel for the plaintiff contends that a contract made on Sunday is not void at common law. I admit such are the English authorities, but they do not control us in this case. The Act of the 23d of April 1794, prohibits any worldly employment or business whatsoever, on the Lord's day. A solemn decision has been given by the Supreme Court of our state, which guides and controls this court, and must the jury and the rights of all parties in the commonwealth. They have declared a contract made on Sunday void, under the Act of Assembly to which I referred; and have held that even a note given on Sunday, although dated on Saturday, is void, and cannot be collected.

(Here the court read a part of the opinion of Judge Kennedy in the case of *Kepner* v. *Keefer*, 6 *Watts* 231.)

The jury will apply the facts to the principles of law above laid down by this court.

The evidence is, that the horse was delivered on Sunday. There is no evidence before the jury that the contract was made before that day. That seems to have been the final consummation of the whole bargain. This took place on Sunday. The jury have a right, and it would be fair to infer from the facts before them, that the bargain was made on the Lord's day. In the absence of any proof that there had been any previous conversation about the sale of the horse before that day, the jury may, if they think such was the fact, reasonably believe the whole contract was made on Sunday. It is said Hadley had gone to Philadelphia; the delivery took place in the afternoon of Sunday. Did Hadley go in the morning, or when did he leave town? If the bargain had been made on a week day, would it not have been in the power of the plaintiff to prove it?

*Briggs* and *Rawn*, for plaintiff in error, argued that there was no presumption, much less proof, in the cause that there had been a contract made on Sunday. If the delivery had been by the vendor himself, then the presumption would have been reasonable that the contract was made at the time it was executed by delivery of the horse; but the burthen of proof to make out the defence, must rest upon the defendant; and all presumptions must be made, in favour of the validity of the contract, *ut res magis*

[Hadley v. Snevily.]

*valeat quam pereat.* 12 *Serg. & Rawle* 306. 2 *Stark. Ev.* 685, 873. *Chit. on Con.* 19, 111.

*Boas,* for defendant in error, contended that it was a matter of fact when the contract was made, and the opinion of the court about it was not the subject of error; and the court were clearly right in saying that if the contract was made on Sunday, it was void. *Com. on Con.* 210; *Chit. on Con.* 110; 2 *Penn. Blac.* 216; 1 *P. A. Browne* 471; 5 *Barn. & Cress.* 406; 4 *Bing.* 84; 6 *Watts* 231.

The opinion of the Court was delivered by

HUSTON, J.—The defence in this case was, that the contract, which was the foundation of the plaintiff's action, was made on Sunday; and we think the court erred in putting the burthen of proof when it was made, upon the plaintiff: it was the allegation of the defendant, and he must sustain it by proof. If the plaintiff had been present at the delivery of the horse on Sunday, the presumption might be as stated; but can it be that the defendant, by going on Sunday and taking away the plaintiff's horse, left for sale, and because it was Sunday, got the horse for nothing? There are cases where delivery is essential to the completion of the contract; but there are others where the sale is good without delivery. Perhaps no actual delivery was contemplated by these parties: the bargain may have been made, and a verbal order to the vendee to get the horse, upon which he would have been delivered upon Monday or any other day.

If it had appeared that the plaintiff delivered the horse on Sunday, our respect for the rule which prohibits the making of contracts on that day, would induce us to say that the contract was then made; but he did not deliver him or know when he was delivered. The only act done on Sunday, was by him who now seeks to take advantage of it. Zeal for religious observance of the Sabbath is commendable, but it may exhibit itself in a very questionable shape. It can not avail a defendant who has the possession of property without paying for it, unless he proves that the plaintiff has violated some law, human or divine. The error consists in forgetting that he who sets up a defence must prove it, and can not call upon the other party to negative what is not proved. The defendant would have got the horse if the sale had been made on Saturday; his taking him away on Sunday, was no proof that he bought him on that day.

Judgment reversed, and *venire de novo* awarded.